SAVOIE and SHORTESS, Judges,
specially concurring.
The defendant, Mark Louis Blache, was sentenced to seven years without probation, parole or suspension of sentence. As noted in the majority opinion, “under the *1088 provisions of La.R.S. 14:34, La.C.Cr.P. at 893.1 and La.R.S. 14:95.2, the sentence Blache received was the minimum the trial court was allowed to impose.” While the sentence is in accordance with the applicable law, I find it harsh. Blache was as much a victim of the encounter as the three individuals who were wounded by Blache’s shots. The record supports the inference that the trial judge would have given a more lenient sentence had he been able to legally do so. I agree that a less severe sentence is warranted under the particular facts of this case. However, the discretion to give a less severe sentence herein has been denied the courts by the aforementioned statutes.
The legislature has mandated severe penalties when a firearm is used in the commission of certain crimes. Aggravated battery is one of those crimes. In my opinion, it works a hardship on this defendant because of the circumstances involved. However, we have no recourse but to affirm. If there be inequity as a result of the legislative policy of severe punishment for use of firearms in the commission of certain crimes, recourse for such inequities must be to legislature and not to the courts.